IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZURI DEVERJA STEGER, <br><br> Plaintiff <br><br> VS. <br><br> LINDA ARNOLD, M.D. and <br> PAMELA STEVENS, <br><br> Defendants | **NO. 5:09-CV-353 (MTT)** <br><br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Plaintiff Zuri Deverja Steger, a convicted burglar currently incarcerated at the Georgia Diagnostic and Classification Prison, filed the above captioned action pursuant to 42 U.S.C. §1983 claiming that the defendants were deliberately indifferent to his serious medical needs. Tab #1. In response, and after answering the lawsuit, defendant Linda Arnold filed a motion seeking summary judgment. Tab #22. Defendant Arnold's motion is supported by a statement of material facts, a memorandum, and an affidavit. In her motion, she essentially contends that the plaintiff has failed to sufficiently state a claim for which relief can be granted. Upon receipt of this motion, the undersigned ordered and directed the plaintiff to file a response. Tab #23. The plaintiff has since filed two untimely responses (Tab #24 and Tab #25) to which defendant Arnold filed a reply (Tab #26). The motion is now ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Steger alleges that on July 6, 2009, while he was being held as a pretrial detainee in the Jones County, Georgia jail, a light fixture fell from the ceiling of his cell causing him to jump out of the bed. According to the plaintiff, this action resulted in injuries to his back and ankle about which he complained to several members of staff. On September 18, 2009, plaintiff was transported to the office of defendant Dr. Linda Arnold, a private physician in Gray, Jones County, Georgia. Plaintiff presented to defendant Arnold complaining of a painful knot in his jaw and pain in his lower back.

After examining the plaintiff, defendant Arnold concluded that the knot in the plaintiff's jaw was being caused by an abscess containing excess fluid. Accordingly, defendant Arnold anesthetized the plaintiff's jaw and then made a small incision in order to excise the excess fluid. According to defendant Arnold, she was unable to express the fluid because the abscess was obstructed by a mass of scar tissue. The incision resulted in bleeding which defendant Arnold stopped by using silver nitrate, gauze, and an ice pack. Thereafter, she sutured the incision and referred plaintiff Steger to an Ear Nose and Throat specialist for further treatment. With regard to the plaintiff's complaint of back pain, defendant Arnold prescribed a five (5) day supply of Anaprox.

On October 1, 2009, the plaintiff filed the instant action. Therein, he alleges that his back continues to hurt and, as a result of actions taken by defendant Arnold during her unsuccessful attempt to remedy his abscess, he has sustained nerve damage which causes his eye to twitch. As a result, he requests monetary damages in an amount sufficient to pay for any future problems he may experience with his eye or back. In response, defendant Arnold filed an answer and then the instant motion seeking summary judgment.

## LEGAL STANDARDS

### SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*

> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

## MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93 (emphasis added).

Furthermore, in order to prevail in a Section 1983 case involving allegations of deliberate indifference to serious medical needs, a plaintiff must show more than mere negligence or error in judgment; there must be some purposeful or intentional denial of necessary medical treatment or at least the medical treatment that was given must be so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703-04 (11th Cir. 1985).

## DISCUSSION

In support of her motion seeking summary judgment, and in addition to a statement of facts, defendant Arnold has submitted a memorandum as well as her own affidavit. A review of these documents demonstrates that, even accepting the plaintiff's account *of the facts*, defendant Arnold provided medical care and treatment for plaintiff Steger's two complained of medical conditions that was neither grossly negligent nor unreasonable under the circumstances. In his response, and rather than going beyond the pleadings and presenting evidence, plaintiff Steger merely criticizes defendant Arnold's professional competence by arguing that she should have ordered an x-ray of his jaw before attempting surgery. Then, based on the fact that defendant Arnold was unable to immediately remedy his jaw condition, he argues that the court should not grant summary judgment because to do so would result in her not being held accountable for her allegedly improper actions.

In reply, defendant Arnold notes that plaintiff Steger's responses were untimely and should not be considered by the court. In addition, she correctly observes that in his responses, the plaintiff failed to go beyond the pleadings, failed to establish the existence of any material fact which must be presented to a jury for resolution, and failed to allege anything more than mere negligence. For these reasons, defendant Arnold concludes that she is entitled to summary judgement.

In view of the above, and after a careful review of the instant motion seeking summary judgment, the brief and exhibits affidavit submitted in support thereof, and the pleadings and responses provided by plaintiff Steger, the undersigned concludes that his claims are not substantiated and that the defendant is entitled to judgment as a matter of law. Therefore, **IT IS RECOMMENDED** that the defendant's motion seeking summary judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 25th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE