IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ZURI DEVERJA STEGER,

    Plaintiff

VS.

PAMELA STEVENS,

    Defendant

NO. 5:09-CV-353 (MTT)

**PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE**

## RECOMMENDATION

Before the court is the a motion seeking summary judgment filed by defendant Pamela Stevens. Tab #30. On July 8, 2010, after receiving the defendant's motion, the undersigned notified plaintiff Zuri Deverja Steger that a motion seeking summary judgment had been filed against him and directed him to file a response thereto within thirty (30) days of his receipt of the order. Tab #34. To date, plaintiff Steger has failed to file any such response. Nevertheless, before summary judgment can be entered, it is the obligation of the undersigned to ensure that the standards for summary judgment are met.

### LEGAL STANDARDS

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>>
>> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988).

## DISCUSSION

As noted above, plaintiff Steger has failed to file any response to the instant motion seeking summary judgment despite specific direction from the court to do so. Accordingly, based upon the defendant's motion and the other records provided, the undersigned finds the facts to be those set forth by the defendant in her Statement of Material Facts which is incorporated herein. Tab #31. Furthermore, the court finds that there is no genuine dispute on any issue.

In the case at bar, plaintiff Steger alleges that his constitutional rights were violated by defendant Stevens' repeated failure and/or refusal to provide him with necessary medical care and treatment for back pain that occurred as a result of his falling from a bunk. In response, defendant Stevens has demonstrated that she examined the plaintiff and prescribed him ibuprofen to help with pain. In addition, defendant Stevens has also shown that subsequent x-rays and examinations conducted by Dr. Linda Arnold revealed no evidence of a fracture or any other abnormality. It is clear from the evidence before the court that plaintiff Steger has failed to establish that defendant Stevens deprived him of any of his constitutional rights, entitling her to judgment as a matter of law.

Accordingly, **IT IS RECOMMENDED** that the defendant's motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the LAST ADDRESS provided by him.

**SO RECOMMENDED**, this 30th day of SEPTEMBER, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE